(sd 2354)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 09 710

------------------------------------x

OLAYINKA ALO,

           Plaintiff,

      -against-

TARGET CORPORATION AND TARGET
STORES,

        Defendants-Petitioners.

------------------------------------x

Civil Action No.:
09-CV-

**NOTICE OF REMOVAL**

Supreme, Queens
Index No.: 30743/08

**GARAUFIS, J.**

**POLLAK, M.**

*Filed · RECEIVED IN CLERK'S OFFICE U.S. DISTRICT COURT E.D.N.Y. FEB 19 2009 LONG ISLAND OFFICE*

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK:**

Defendant-Petitioner, TARGET CORPORATION s/h/a TARGET CORPORATION and TARGET STORES ("Petitioner"), by its attorneys, Simmons, Jannace, & Stagg, L.L.P., upon information and belief, respectfully petitions the Court, pursuant to 28 U.S.C. § 1441, as follows:

1. On or about December 29, 2008, the above-captioned civil action was commenced and is now pending in the Supreme Court of the State of New York, County of Queens. A trial has not yet been had therein. A copy of the Summons and Verified Complaint is annexed as **Exhibit "A"**. Petitioner has not yet served an answer to Plaintiff's Verified Complaint.

2.    The action seeks monetary damages allegedly suffered by plaintiff, OLAYINKA ALO, allegedly caused by Petitioner.    Plaintiff's Verified Complaint sounds in negligence and breach of warranty.

3.    The action involves a controversy between citizens of different states, in that: (a) Plaintiff is a citizen of the State of New York;  (b) Petitioner is now, and was at the time the action was commenced, incorporated pursuant to the laws of the State of Minnesota with its principal place of business in Minnesota.

4.    This action is one of which the District Courts of the United States have original jurisdiction under 28 U.S.C. § 1331.    There is complete diversity between Petitioner and plaintiff.    In addition, the amount in controversy exceeds $75,000.

5.    This Notice of Removal is being filed within thirty (30) days after receipt by Petitioner of Plaintiff's Verified Complaint.

6.    Written notice of the filing of this Notice of Removal will be given to plaintiff promptly after the filing of this Notice.

7.    A true and correct copy of this Notice of Removal will be filed with the Clerk of the Supreme Court of the

2

State of New York, County of Queens, promptly after the filing of this Notice.

8. Attached to this Notice of Removal, and by reference made a part hereof, are true and correct copies of all process and pleadings filed herein.

9. By filing this Notice of Removal, Petitioner does not waive any defense which may be available to it, specifically including, but not limited to, its right to contest *in personam* jurisdiction over Petitioner, improper service of process and the absence or inconvenience of venue in this Court or the Court from which this action has been removed.

**WHEREFORE**, Petitioner prays that the above-captioned action now pending in the Supreme Court of the State of New York, County of Queens, be removed therefrom to this Court.

Dated:  Syosset, New York
        February 19, 2009

                    Yours, etc.,

                    SIMMONS, JANNACE & STAGG, L.L.P.

                    By:_____
                        Sal F. DeLuca
                    Attorneys for Defendant
                    TARGET CORPORATION s/h/a
                    TARGET CORPORATION and
                    TARGET STORES
                    **Office & P.O. Address:**
                    75 Jackson Avenue
                    Syosset, New York 11791-3139
                    (516) 357-8100

3

TO:

MORRISON & WAGNER, LLP
Attorneys for Plaintiff
OLAYINKA ALO
**Office & P.O. Address;**
49 West 38th Street
15th Floor
New York, New York 10018
(212) 343-8000

notice.removal.eastern

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------X SUMMONS
OLAYINKA ALO,                                    Index No.: 30743/08
                                                 Date purchased  12/29/08

                              Plaintiff,         Plaintiff designates
                                                 QUEENS County
                    - against -                  As the Place of Trial

TARGET CORPORATION AND TARGET STORES,            Basis of Venue is
                                                 The Plaintiff's residence

                              Defendants.

-------------------------------------X
To the above named Defendant(s)

        YOU ARE HEREBY SUMMONED to answer the complaint in this action,
and to serve a copy of your answer, or if the complaint is not served
with this summons, to serve notice of appearance, on the Plaintiff's
Attorney within twenty (20) days after the service of this summons,
exclusive of the day of service (or within thirty (30) days after the
service is complete if this summons is not personally delivered to you
within the State of New York); and in case of your failure to appear or
answer, judgment will be taken against you by default for the relief
demanded herein.

Dated:     New York, New York
           December 16, 2008

                                        MORRISON & WAGNER, LLP
                                        Attorneys for Plaintiff
                                        49 West 38th Street, 15th Fl.
                                        New York, New York 10018
                                        (212) 343-8000

Defendant(s) Address

TARGET CORPORATION
and/or TARGET STORES
c/o CT CORPORATION SYSTEM
111 Eight Avenue
New York, New York 10011

1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
----------------------------------------X
OLAYINKA ALO,

                                    **VERIFIED**
                                    **COMPLAINT**

                     Plaintiff,                Index No.:

        - against -

TARGET CORPORATION AND TARGET STORES,

               Defendants.

----------------------------------------X

       Plaintiff, as and for her Verified Complaint, complaining of the Defendant, by her attorneys, MORRISON & WAGNER, LLP, alleges and states as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF THE PLAINTIFF OLAYINKA ALO

      1.   That at all times herein mentioned, Plaintiff, **OLAYINKA ALO,** was and still is a resident of the County of Queens, City and State of New York.

      2.   Upon information and belief, that at all times hereinafter mentioned, the defendant, **TARGET CORPORATION,** was and is a domestic corporation duly organized, existing and authorized under and by virtue of the Laws of the State of New York.

      3.   Upon information and belief, that at all times hereinafter mentioned, the defendant, **TARGET CORPORATION,** was and is a foreign corporation licensed to do business in the State of New York, pursuant to the Laws of the State of New York.

4.   Upon information and belief, that at all times hereinafter mentioned, the defendant, **TARGET CORPORATION**, was and is a foreign corporation not authorized to do business in the State of New York, but, nevertheless, was and is doing business on a regular basis in the State of New York.

5.   Upon information and belief, that at all times hereinafter mentioned, the defendant, **TARGET CORPORATION**, solicits business in the State of New York.

6.   Upon information and belief, that at all times hereinafter mentioned, the defendant, **TARGET CORPORATION**, expects its acts and business activities to have consequences within the State of New York.

7.   Upon information and belief, that at all times hereinafter mentioned, the defendant, **TARGET STORES**, was and is a domestic corporation duly organized, existing and authorized under and by virtue of the Laws of the State of New York.

8.   Upon information and belief, that at all times hereinafter mentioned, the defendant, **TARGET STORES**, was and is a foreign corporation licensed to do business in the State of New York, pursuant to the Laws of the State of New York.

9.   Upon information and belief, that at all times hereinafter mentioned, the defendant, **TARGET STORES**, was and is a foreign corporation not authorized to do business in the State of New York, but, nevertheless, was and is doing business on a regular basis in the State of New York.

3

10.  Upon information and belief, that at all times
hereinafter mentioned, the defendant, **TARGET STORES,** solicits
business in the State of New York.

11.  Upon information and belief, that at all times
hereinafter mentioned, the defendant, **TARGET STORES,** expects its
acts and business activities to have consequences within the State
of New York.

12.  Upon information and belief, that at all times
hereinafter mentioned, the defendant, **TARGET STORES,** was a
subsidiary of the defendant, **TARGET CORPORATION.**

13.  Upon information and belief, that at all times
hereinafter mentioned, the defendant, **TARGET STORES,** was a
division of the defendant, **TARGET CORPORATION.**

14.  That at all times herein mentioned, the Defendant,
**TARGET CORPORATION,** owned the premises located at the Green Acres
Mall, Valley Stream, New York, City and State of New York.

15.  That at all times herein mentioned, the Defendant,
**TARGET CORPORATION,** rented the premises located at the Green Acres
Mall, Valley Stream, New York, City and State of New York.

16.  That at all times herein mentioned, the Defendant,
**TARGET CORPORATION,** leased the premises located at the Green Acres
Mall, Valley Stream, New York, City and State of New York.

17.  That at all times herein mentioned, the Defendant,
**TARGET CORPORATION,** by their agents, servants and/or employees,
operated the aforesaid premises.

4

18.   That at all times herein mentioned, the Defendant, TARGET CORPORATION, by their agents, servants and/or employees, managed the aforesaid premises.

19. That at all times herein mentioned, the Defendant, TARGET CORPORATION, by their agents, servants and/or employees, maintained the aforesaid premises.

20. That at all times herein mentioned, the defendant, TARGET CORPORATION, by their agents, servants and/or employees, controlled the aforesaid premises.

21. That at all times herein mentioned, the Defendant, TARGET CORPORATION, by their agents, servants and/or employees, inspected the aforesaid premises.

22. That at all times herein mentioned, the Defendant, TARGET CORPORATION, by their agents, servants and/or employees, supervised the aforesaid premises.

23. That at all times herein mentioned, the Defendant, TARGET CORPORATION, by their agents, servants and/or employees, allowed said premises to remain in a dangerous, defective, and/or hazardous condition.

24. That at all times herein mentioned, the Defendant, TARGET CORPORATION, by their agents, servants and/or employees, caused and/or permitted a dangerous condition on the aforesaid premises.

25. That at all times herein mentioned, the Defendant, TARGET CORPORATION, by their agents, servants and/or employees,

5

failed to properly keep the aforesaid premises in a safe and clean manner for customer to pass.

26. That at all times herein mentioned, the Defendant, **TARGET STORES**, owned the premises located at the Green Acres Mall, Valley Stream, New York, City and State of New York.

27. That at all times herein mentioned, the Defendant, **TARGET STORES**, rented the premises located at the Green Acres Mall, Valley Stream, New York, City and State of New York.

28. That at all times herein mentioned, the Defendant, **TARGET STORES**, leased the premises located at the Green Acres Mall, Valley Stream, New York, City and State of New York.

29. That at all times herein mentioned, the Defendant, **TARGET STORES**, by their agents, servants and/or employees, operated the aforesaid premises.

25. That at all times herein mentioned, the Defendant, **TARGET STORES**, by their agents, servants and/or employees, managed the aforesaid premises.

26. That at all times herein mentioned, the Defendant, **TARGET STORES**, by their agents, servants and/or employees, maintained the aforesaid premises.

27. That at all times herein mentioned, the defendant, **TARGET STORES**, by their agents, servants and/or employees, controlled the aforesaid premises.

28. That at all times herein mentioned, the Defendant, **TARGET STORES**, by their agents, servants and/or

6

employees, inspected the aforesaid premises.

29.    That at all times herein mentioned, the Defendant, **TARGET STORES,** by their agents, servants and/or employees, supervised the aforesaid premises.

30.    That at all times herein mentioned, the Defendant, **TARGET STORES,** by their agents, servants and/or employees, allowed said premises to remain in a dangerous, defective, and/or hazardous condition.

31.    That at all times herein mentioned, the Defendant, **TARGET STORES,** by their agents, servants and/or employees, caused and/or permitted a dangerous condition on the aforesaid premises.

32.    That at all times herein mentioned, the Defendant, **TARGET STORES,** by their agents, servants and/or employees, failed to properly keep the aforesaid premises in a safe and clean manner for customer to pass.

33.    That on the 15th of May 2008, Plaintiff **OLAYINKA ALO,** was a lawful customer at the aforesaid premises.

34.    That on the 4th of September 2008, Plaintiff **OLAYINKA ALO,** was caused to sustain serious and severe personal injuries as a result of a slip and fall on the floor.

35.    That solely by reason of the negligence, recklessness and carelessness of the defendants, their agents, servants, and/or employees as aforesaid, Plaintiff, **OLAYINKA ALO,** became sick, sore, lame, bruised and disabled; received serious

permanent injuries in and about diverse parts of her person; experienced great pain and suffering and continues to suffer from said injuries.

40. Plaintiff, **OLAYINKA ALO**, has been informed and verily believes said injuries to be a permanent nature and Plaintiff is and will be incapacitated for a long period of time, and Plaintiff was compelled to and did seek medical aid, attention and treatment and care and will be compelled to do so in the future and Plaintiff, **OLAYINKA ALO**, was in other ways damaged.

41. That the occurrence was caused solely by the negligence, recklessness, and carelessness of the Defendants herein, its agents, servants, and/or employees, without any negligence on the part of the Plaintiff contributing thereto.

42. This action falls within one or more of the exceptions set forth in Article 16 of the CPLR.

43. That by reason of the foregoing, the Plaintiff, **OLAYINKA ALO**, has been damaged in an amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction and said amount is to be determined by this Honorable Court, all together with costs and disbursements of this action.

**WHEREFORE**, the plaintiff demands judgment against the defendant **In the First Cause of Action**, in an amount which exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction and said amount is to be determined by this

8

Honorable Court all together with the costs and disbursements of this action.

Dated:     New York, New York
           December 16, 2008

Yours, etc.,

STUART WAGNER, ESQ.
MORRISON & WAGNER, LLP
Attorneys for the Plaintiff
49 West 38th Street, 15th Fl.
New York, New York 10018
(212) 343-8000

9

STATE OF NEW YORK, COUNTY OF NEW YORK:

I, STUART WAGNER, the undersigned, am an attorney admitted to practice in the Courts of New York State, and say that I am the attorney of record, or of counsel with the attorney(s) of record, for the plaintiff(s) herein.  I have read the annexed Summons and Complaint and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.  My belief, as to those matters therein not stated upon knowledge, is based upon the following:
Telephone conversations with the plaintiff
review of documents in file.

The reason I make this affirmation instead of plaintiff(s) is because the plaintiff(s) reside in a county other than where your affirmant maintains his office.

I affirm that the foregoing statements are true under penalties of perjury.

Dated:      New York, New York
            December 16, 2008


STUART WAGNER

10

 CT Corporation

**Service of Process Transmittal**
01/21/2009
CT Log Number 514336527

TO:   Jason Walbourn, Senior Counsel - Litigation
      Target Corporation
      1000 Nicollet Mall
      Minneapolis, MN 55403-

RE:   **Process Served in New York**

FOR:  Target Corporation (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | Olayinka Alo, Pltf. vs. Target Corporation and Target Stores, Dfts. |
| DOCUMENT(S) SERVED: | Summons, Verified Complaint, Attachment(s) |
| COURT/AGENCY: | Queens County: Supreme Court, NY<br>Case # 30743/08 |
| NATURE OF ACTION: | Personal Injury - Slip/Trip and Fall - On 05/15/2008 |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, New York, NY |
| DATE AND HOUR OF SERVICE: | By Process Server on 01/21/2009 at 14:29 |
| APPEARANCE OR ANSWER DUE: | Within 20 days after the service, exclusive of the day of service |
| ATTORNEY(S) / SENDER(S): | Stuart Wagner<br>Morrison & Wagner, LLP<br>49 West 38th Street, 15th Fl<br>New York, NY 10018<br>(212)-343-8000 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 01/21/2009, Expected Purge Date: 01/26/2009<br>Image SOP<br>Email Notification, Non Employee Litigation Target gl.legal@target.com |
| SIGNED:<br>PER:<br>ADDRESS:<br><br>TELEPHONE: | C T Corporation System<br>Christopher Tilton<br>111 Eighth Avenue<br>New York, NY 10011<br>212-894-8940 |

Page 1 of  1 / RJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

OLAYINKA ALO,

Plaintiff,

-against-

TARGET CORPORATION AND TARGET STORES,

Defendants.

## VERIFIED SUMMONS AND COMPLAINT

### MORRISON & WAGNER, LLP

*Attorneys at Law*

*Attorneys for Plaintiff(s)*

**49 West 38th Street, 15th Floor**
**New York, New York 10018**
**(212) 343-8000**

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated:_____*                          *Signature_____*
                                                   *Print Signer's Name*
*Service of a copy of the within*
                                                   *is hereby admitted.*